UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES A. MUDD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-00177-WCL-SLC |
| DEAN ESSERMAN, Chief of Police, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# OPINION AND ORDER

Before the Court is Defendants' motion to strike the third amended complaint filed by Plaintiff on November 3, 2015. (DE 24). Defendants' motion to strike is not well taken and will be DENIED.

"Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)).

Here, on September 23, 2015, Plaintiff filed a motion to amend his complaint for the third time in order to substitute the City of New Haven, Indiana, for the Chief of Police and to add a claim of false arrest; Plaintiff attached his proposed third amended complaint to the

motion. (DE 20). On October 15, 2015, the Court—after noting that the motion was timely filed and that Defendants had not filed a response to the motion—granted Plaintiff leave to amend his complaint. (DE 22). In doing so, the Court observed that paragraph 4 of Plaintiff's proposed amended complaint referred to the New Haven Police Department as a defendant, rather than the City of New Haven. Rather than deem that incorrect proposed complaint filed, the Court afforded Plaintiff to October 22, 2015, to file an amended complaint that complied with its motion to amend. (DE 22).

Now Defendants assert that Plaintiff's third amended complaint should be stricken because it was filed 12 days after the Court's October 22nd deadline. Defendants also argue that the third amended complaint is "prejudicial" because it was amended twice previously and because it contains "frivolous allegations." (DE 24 ¶¶ 3, 4). Contrary to Defendants' bald assertions, there is no evidence of prejudice to Defendants by Plaintiff's belated filing. Defendants did not respond to the motion to amend when they had the opportunity to do so, and thus, Defendants cannot now raise arguments that the third amended complaint is prejudicial or frivolous. Defendants' motion to strike is needlessly consuming scarce resources and causing additional expenditures of time. *Silicon Graphics, Inc.* 2007 WL 5312633, at *1. Accordingly, the motion to strike (DE 24) is DENIED.

SO ORDERED.

Entered this 3rd day of November 2015.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge